UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SHURES,

       Plaintiff,                                            Civil Action No.
                                                         04-CV-72396-DT

vs.

                                                         HON. BERNARD A. FRIEDMAN

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS, DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION, AND DENYING PLAINTIFF'S MOTION TO REASSIGN CASE

This matter is presently before the court on (1) defendant's motion to stay proceedings, (2) plaintiff's motion to reassign the case to Judge Tarnow, and (3) plaintiff's motion for disqualification. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

Defendant's motion to stay proceedings is based on the fact that defendant recently filed a counterclaim in a related case, *Rivet v. State Farm Mutual Automobile Ins. Co.*, 04-72333, which is also pending before this court. The issues raised in the counterclaim in *Rivet* may have a bearing on the instant case. The court has already adjourned the pretrial and trial dates and believes all further proceedings in this matter should be stayed until the counterclaim in *Rivet* is resolved. Judge Tarnow has likewise stayed the proceedings in another related case, *see Scott v. State Farm Mutual Automobile Ins. Co.*, No. 04-72255 (E.D. Mich. Aug. 1, 2005), pending resolution of the

*Rivet* counterclaim. Therefore, this motion is granted.

Plaintiff requests that the instant matter be reassigned to Judge Tarnow pursuant to E.D. Mich. 83.11(b)(7)(C), which states:

> When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

Plaintiff notes that the instant case is similar to *Scott*, which has a lower case number. The court has discussed the companion case issue with Judge Tarnow and he does not consent to the reassignment plaintiff proposes. Without Judge Tarnow's consent, reassignment is not possible. *See Nat'l Solid Wastes Mgmt. Ass'n v. Granholm,* 315 F.Supp.2d 867, 869 (E.D. Mich. 2004) (noting that "the case may not be reassigned" pursuant to this local rule unless both judges consent). Therefore, this motion is denied.

Finally, plaintiff has moved for disqualification pursuant to 28 U.S.C. § 455, which states in relevant part as follows:

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

In interpreting this statute, the Sixth Circuit has stated:

> It has long been the law of this circuit that "a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." The standard is an objective one; hence, the judge need not recuse himself

> based on the "subjective view of a party" no matter how strongly that view is held.
>
> In addition, prejudice or bias must be personal or extrajudicial in order to justify recusal under section 455(a). We explained this requirement in *Wheeler*:
>
> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

*United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). On this subject, the Supreme Court has stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994) (citation omitted).

Applying these standards to the present case, the court concludes that plaintiff clearly

3

has failed to demonstrate that the court's impartiality might reasonably be questioned or the existence of any "personal bias or prejudice" under § 455. All of plaintiff's complaints of alleged bias relate either to the court's rulings in the instant case and in *Rivet* or to facts the court has learned in these cases. For example, plaintiff complains that the court has "ignored" his motion in limine in *Rivet* to preclude defendant from calling any witnesses at trial. Plaintiff filed that motion on June 28, 2005, and defendant filed a response brief on July 1, 2005. The court has not yet ruled on the motion because the court customarily decides motions in limine on the morning of trial. The schedule by which the court decides motions is not a basis upon which § 455 impartiality or bias can be shown.

Plaintiff also complains that the court denied his motion for summary judgment in *Rivet*. As the court indicated at the hearing, when argument was heard on plaintiff's summary judgment motion and two defense motions for partial summary judgment, all such motions were denied because of the many factual disputes and because neither party had demonstrated its entitlement to judgment as a matter of law. As noted above, court rulings "alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, *supra.*

Plaintiff next complains that the court violated his due process rights in *Rivet* by permitting defendant to file a counterclaim shortly before trial. Again, court rulings are not a basis for seeking disqualification. And it is absurd for plaintiff to claim that this particular ruling violated his due process rights, as the court simply permitted the counterclaim to be filed. The merits of the matter have yet to be determined, and plaintiff will have ample opportunity to be heard.

Plaintiff next complains about the court's comment at the July 5, 2005, hearing in *Rivet* that "I've seen many settlement agreements before, but frankly I have never seen one quite like

this one before. Even its form and content and so forth" (Tr. 20-21). Plaintiff's statement that the court's comment "revealed obvious bias by providing [the court's] own personal opinion regarding the ultimate question of fact in the case" is unfounded. The court was merely stating the obvious, namely, that the settlement agreement at issue in this case is unusual in many respects. As noted above, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion . . . ." *Liteky*, *supra*. Further, as the court indicated at the July 5, 2005, hearing in *Rivet*, the court's opinion regarding the unusual nature of the settlement agreement is irrelevant, as it is the jury, not the court, who will be trying the facts. (Tr. 21.)

Plaintiff also faults the court for not reassigning *Rivet* and *Shures* to Judge Tarnow, who has the lowest numbered related case (*Scott*). This is yet another example of a court ruling, which cannot form the basis of a proper motion for disqualification. Further, as noted above, the requested reassignment is not possible because Judge Tarnow does not consent.

Plaintiff next argues that the court must disqualify itself for commenting at the conclusion of the February 23, 2005, hearing on plaintiff's motion for summary judgment that "I'm sure the jury is going to love it. Where's the prosecutor when you need him? Something's wrong on that one." This comment falls into the category described by the Supreme Court as "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases," which the Court indicated "ordinarily do not support a bias or partiality challenge." *Liteky*, *supra*. In addition, the comment was based on facts the court has learned during the litigation of these cases; the comment has no "extrajudicial source" and therefore does not show any personal bias, as is required to support a § 455 motion for disqualification.

Finally, plaintiff makes much of the court's light-hearted comment at the July 5, 2005, hearing in *Rivet*. Before commencing the hearing, defense counsel moved for the admission of two attorneys who had traveled from Chicago to serve as co-counsel for defendant. The court asked these attorneys, "Couldn't talk you into podiatry school, or is it too late in your career? . . . Medical school, anything?" (Tr. 2.) It is absurd for plaintiff to suggest that the court should disqualify itself for joking with defense counsel while swearing them in. It is equally absurd for plaintiff to suggest that this exchange evidences "apparent personal feelings about medical doctors" or that the court engaged in improper "ex parte contact" with defense counsel by failing to serve plaintiff with copies of the out-of-state attorneys' admission applications. Plaintiff's Reply Brief, pp. 3 n.1, 4, 5. If plaintiff is concerned about co-counsel's qualifications, he is free to view their admission applications in the clerk's office.

Plaintiff has failed to demonstrate any impartiality or personal bias on behalf of the court. Disqualification is not called for. To the contrary, plaintiff's allegations of bias a prejudice are so ridiculous and baseless that the court feels compelled to remind counsel of his obligation under Fed. R. Civ. P. 11(b)(1), (2) & (3).[1] The court intends to proceed with this matter fairly,

---

[1] In relevant part, Fed. R. Civ. P. 11(b) states:

> (b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are

impartially, and expeditiously.  Accordingly,

        IT IS ORDERED that defendant's motion to stay proceedings is granted.

        IT IS FURTHER ORDERED that plaintiff's motion to reassign the case to Judge Tarnow is denied.

        IT IS FURTHER ORDERED that plaintiff's motion for disqualification is denied.

        __s/Bernard A. Friedman_____
Dated:  August 22, 2005        BERNARD A. FRIEDMAN
    Detroit, Michigan        CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

_____**/s/ Patricia Foster Hommel**_____
      **Patricia Foster Hommel**
 **Secretary to Chief Judge Friedman**

---

        warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

        (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

7