# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN SHURES,

        Plaintiff,        CIVIL ACTION NO. 04-CV-72396-DT

  VS.                      DISTRICT JUDGE BERNARD A. FRIEDMAN

STATE FARM MUTUAL      MAGISTRATE JUDGE MONA K. MAJZOUB
AUTOMOBILE INS. CO.,

        Defendant.
                            /

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY, EXTEND SCHEDULING ORDER DATES AND SANCTIONS

Before the Court is Defendant's Motion to Compel Discovery, Extend Scheduling Order Dates and Sanctions filed on February 18, 2008. (Docket nos. 72, 73). Plaintiff filed a Response brief on February 28, 2008. (Docket no. 77). The parties have filed several Statements of Resolved and Unresolved Issues. (Docket nos. 78, 79, 80, 81). All pretrial matters have been referred to the undersigned for determination. (Docket no. 15). The Court had originally scheduled oral argument on this motion but now dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(e). This matter is therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Defendant seeks to compel Plaintiff to produce signed authorizations for the release of his medical records, to compel Plaintiff to appear for the continuation of his deposition, and an extension of the dates in the August 24, 2007 scheduling order for 120 days. (Docket no. 73). Defendant's counsel has withdrawn the portion of his motion regarding Plaintiff's deposition because the parties have agreed to continue this deposition and with regard to it to waive the

discovery deadline. (Docket no. 81). The Court will therefore not rule on this part of Defendant's motion.

The only remaining issues are the completion of Plaintiff's medical release forms and the extension of the dates in the scheduling order. Plaintiff's counsel states in Plaintiff's Response brief that the medical authorizations were signed and mailed to defense counsel on or about February 19, 2008. (Docket no. 77). However, defense counsel states that the signed medical authorizations are still required. (Docket no. 81). Defendant contends that it sent release forms to Plaintiff for eight entities[1] prior to the close of discovery. (Docket no. 73, ex. 1). Plaintiff neither disputes Defendant's assertion nor shows that he has objected to these release forms. Plaintiff also fails to assert in his Response brief any reason why he should not be compelled to sign and return these release forms. Accordingly, Defendant's motion to compel Plaintiff to sign and return the release forms for these entities will be granted.

The only remaining issue is whether the scheduling order dates should be extended for 120 days. Under the present scheduling order discovery closed on January 1, 2008 and trial is scheduled for June 24, 2008. (Docket no. 64). This case was filed in June 2004. A scheduling order should be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b). Because the parties have agreed to waive the discovery deadline and continue Plaintiff's deposition, there is no need to extend the dates for this deposition. Plaintiff will also be ordered to return the signed medical release forms. Defendant has failed to show good cause for a blanket extension of the discovery deadline

---

[1] These entities are CJ Systems, Blue Cross & Blue Shield of Michigan, Academic Internal Medicine Associates, Herbert Malinoff, Knight Family Practice, David Smith, St. Joseph Hospital, and Joyce M. Massey TBI Day Treatment Service. (Docket no. 73, ex. 1).

2

or for an extension of any other date in the scheduling order. Therefore, this portion of Defendant's motion will be denied. No sanctions will be imposed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery, Extend Scheduling Order Dates and Sanctions (docket nos. 72, 73) is **DENIED** as to an extension of the scheduling order dates and as to sanctions, but **GRANTED** to the extent that Plaintiff is ordered to sign and return to Defendant's counsel or the appropriate document service the medical release forms discussed above on or before March 28, 2008.

**IT IS FURTHER ORDERED** that this Court's Amended Notice of Hearing entered on February 28, 2008 is **WITHDRAWN.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 20, 2008    s/ Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE