UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SHURES, by and through his
gaurdian and wife, Tracey Shures,

        Civil Case No. 04-72396
   Plaintiff,        HONORABLE SEAN F. COX
v.        United States District Judge

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
insurance company,

   Defendant.
_____/

OPINION & ORDER

Plaintiff John Shures ("Shures") filed this diversity action for no-fault benefits pursuant to the Michigan No-Fault Act, under a policy of insurance with Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Jury trial on the matter resulted in a no-cause verdict, and judgment was entered on September 4, 2008. The matter is currently before the Court on State Farm's Motion for Attorney Fees [Doc. No. 136]. The parties have fully briefed the issues, and the Court declines to hold oral argument pursuant to Local Rule 7.1(e)(2). For the following reasons, Defendant's Motion for Attorney Fees is **DENIED**.

I. BACKGROUND

This case arose out of a motor vehicle accident on January 2, 2000. Shures claimed he could not care for himself as a result of injuries sustained in the accident, and sought payment for 24-hour attendant care services. State Farm paid the requested amount until April 17, 2004, at

which time they began tapering off benefit payments. The hourly rate benefits were eventually terminated altogether when State Farm became aware Shures' wife was his primary care attendant, and that Shures' injuries may not have resulted from the accident.

This Court held trial on the action August 18, 2008 and August 20 through 22, 2008. At trial, Shures called at least five medical experts, all of whom testified that Shures' injuries were related to the January 2, 2000 accident. The jury returned a verdict of no-cause in favor of State Farm, and judgement was entered on September 4, 2008.

## II.  ANALYSIS

State Farm brought this Motion for Attorney Fees [Doc. No. 136] on October 2, 2008, arguing they are entitled to an award pursuant to M.C.L. § 500.3148(2). That provision states: "An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." M.C.L. § 500.3148(2). It is within the discretion of the trial court whether to grant such an award. *Beach v. State Farm Mut. Auto. Ins. Co.*, 216 Mich.App. 612, 627 (1996).

State Farm argues that the large difference between the jury verdict of no-cause, compared with the verdict Shures sought in excess of $600,000, proves that Shures' claim was "in some respect fraudulent or excessive." (Def.'s Br., Doc. No. 136, p.9). State Farm directs this court to the unpublished case of *Franklin v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 3343742 (E.D.Mich. Nov. 17, 2006)(Gadola, J.), in support of their argument. In *Franklin*, Judge Gadola applied a "totality of the circumstances" test to determine whether a section

500.3148(2) award was warranted.  *Franklin* at *4.  The Michigan Court of Appeals in *Beach* also used a totality of the circumstances test in evaluating a similar motion.  *Beach* at 627.

Under *Franklin* and *Beach*, the totality of the circumstances weigh against State Farm's request for attorney fees in the instant case.  At trial, Shures brought forth at least five medical experts who testified that Shures' injuries satisfied the "arising out of the use of a motor vehicle" requirement for collecting benefits.  (Pl.'s Br., Doc. No. 138, pp. 2-7).  Nothing in the record supports State Farm's contention that Shures' claims were fraudulent or excessive.

### III.  CONCLUSION

For reasons explained above, the Court **DENIES** Defendant's Motion for Attorney Fees [Doc. No. 136].

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

3